IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RJ TECHNOLOGY LLC | § § § § § § § § § § § § § | |
| *Plaintiff*, | | |
| v. | | CIVIL ACTION No. 2:22-CV-00401-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD., and SAMSUNG ELECTRONICS AMERICA, INC., | | |
| *Defendants*. | | |

### MEMORANDUM ORDER

Before the Court is the Motion for Leave to Supplement Invalidity Contentions filed by Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). Dkt. No. 69; Dkt. No. 73 (reply in support). Plaintiff RJ Technology opposes the Motion with a response and supporting sur-reply. Dkt. No. 70; Dkt. No. 75. For the following reasons, the Motion is **GRANTED**.

### I.  LEGAL STANDARD

Under the Local Patent Rules for the Eastern District of Texas, a party's invalidity contentions are final, subject to a few exceptions. P.R. 3-6(a). The most relevant exception is that amendment to a party's invalidity contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). The Federal Circuit has approved the requirement of "a showing of diligence" to establish "good cause" in this context. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (agreeing with the Northern District of California that a showing of "good cause" to amend contentions under N.D. Cal.'s local patent rules requires a showing of diligence).

Courts routinely consider four factors to determine whether good cause has been shown: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015); *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).

## II.   ANALYSIS

Samsung seeks to amend its invalidity contentions to include an additional prior art reference, United States Patent Application Publication No. US 2002/0012830A1, entitled "Rechargeable Lithium Battery," to Ryoza Uemura (hereafter the Uemura reference).

### A.  Explanation for Failure to Meet Deadline

Samsung asserts that its failure to identify the Uemura reference was not for a lack of diligence. Dkt. No. 69 at 7. Samsung points to searches completed by the USPTO, foreign patent offices, and a hired prior art search firm, all of which did not identify the Uemura reference. Dkt. No. 69 at 7–8. Samsung asserts that the reference was ultimately found due to searches by Samsung's outside counsel based in part on "claim construction positions being taken in the co-pending litigation between RJT and Apple." Dkt. No. 69 at 8. Finally, Samsung asserts that steps were promptly taken after discovery of the Uemura reference to analyze and chart the revised invalidity contentions. Dkt. No. 69 at 8. RJ responds that "there is nothing special about the Uemura reference that would have stopped Samsung or its counsel, consultants, and experts from finding it before the deadline." Dkt. No. 70 at 9. Further, RJ asserts that Samsung's difficulty in finding the reference is undermined by the public accessibility of the reference through resources such as Google Patents. Dkt. No. 9–11.

The Court finds that diligence is a neutral factor in this case. First, failure on the part of patent offices and non-related entities is unpersuasive when evaluating the diligence of Samsung itself. Second, public availability of the reference weighs against allowing the amendment, competing with the diligence demonstrated by Samsung's prior art search efforts that initially failed to turn up the reference which weighs in favor of amendment. Further, given the early nature of the sought amendment, two-months after serving invalidity contentions, the Court finds that Samsung was diligent in its searches and seeking amendment. Accordingly, this factor weighs in favor of amendment.

### B.  Importance of the Amendment

Samsung asserts that the Uemura reference is "important to Samsung's positions that the claims are neither novel nor nonobvious." Dkt. No. 69 at 10. Samsung contends that the Uemura reference "contradicts the narrative that RJT has been telling about the alleged invention" and teaches aspects of the asserted '641 Patent. Dkt. No. 69 at 9–10. RJ responds that the importance of the amendment is diminished by the already disclosed "high volume of prior art references" and the fact that the Uemura reference was asserted within a recent IPR petition. Dkt. No. 70 at 12. Regarding the IPR petition, RJ asserts that denying the amendment will not deprive Samsung of a forum to litigate the Uemura reference and that granting it would effectively give Samsung "two bites at the apple." Dkt. No. 70 at 9 (citing Dkt. No. 69 at 10 n.4) ("Defendants are bringing this motion to ensure that they can present Uemura to a jury in the event that the PTAB declines to institute IPR.").

The Court finds that the purported amendment constitutes a reference that is cumulative to the already disclosed prior art references. Samsung has demonstrated what the Uemura reference

teaches, but has not sufficiently shown how the reference is unique in comparison to the already asserted prior art. This factor does not weigh in favor of allowing the amendment.

### C. Potential Prejudice

RJ asserts that prejudice is present due to the inclusion of an additional reference and because "Samsung has received an improper benefit" of seeing RJ's claim construction positions in the parallel California case against Apple. Dkt No. 70 at 14. RJ points to an agreed upon construction between Apple and RJ that construed "within a range from" in claims 6 and 7 of the '641 Patent as inclusive, asserting "Samsung is likely to use RJ Technology's agreement to that construction in the Apple case—which, at the time, seemed immaterial . . . against RJ Technology in this case. Dkt. No. 70 at 15.

While it is true that this Court has held that amendments following claim construction positions can be prejudicial, the cited opinions were directed toward amendments sought after claim construction positions were disclosed in the same case. What those cases do not stand for is a finding of prejudice due to claim construction positions taken in parallel actions. Parties are often held to claim construction positions taken in prior or parallel cases, regardless of whether the consequences of those positions were foreseeable.

The Court finds that there is prejudice in allowing a supplemental invalidity reference after the deadline for contentions, based on the benefit of hindsight divulged from a parallel proceeding not involving Samsung. But the prejudice is minimal when viewed in light of the early stage of this case. Claim construction has not yet occurred, and to the extent that an amendment would alter the parties claim construction positions, the parties may seek leave to supplement the joint claim construction and prehearing statement filed at Dkt. No. 86. Neither side has requested a

4

continuance and the Court finds that a continuance is unnecessary at this time. Accordingly, the prejudice factor does not weigh against amendment.

### III. CONCLUSION

For the foregoing reasons, Samsung's Motion for Leave to Supplement Invalidity Contentions, Dkt. No. 69, is **GRANTED**. Samsung has leave to serve amended invalidity contentions to add the Uemura reference.

**SIGNED this 8th day of December, 2023.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE