PUBLIC VERSION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| RJ TECHNOLOGY LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendants. | Civil Action No. 2:22-CV-401-JRG<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF RJ TECHNOLOGY LLC'S UNOPPOSED MOTION FOR THE COURT TO ISSUE LETTERS OF REQUEST UNDER THE HAGUE CONVENTION**

Pursuant to Fed. R. Civ. P. 28(b) and 28 U.S.C. § 1781, Plaintiff RJ Technology LLC ("RJ Technology") hereby requests that the Court issue letters of request for international judicial assistance ("Letters of Request") under the Hague Convention of 18 March 1970 on The Taking of Evidence in Civil or Commercial Matters ("Hague Evidence Convention"), seeking assistance from the appropriate judicial authority of the following jurisdictions to compel certain third parties to produce documents identified in the Letters of Request, filed herewith as **Exhibits 1-12**:

1. Appropriate Judicial Authority of China: Ministry of Justice of China International Legal Cooperation Center (ILCC) located at 33, Pinganli Xidajie, Xicheng District , Beijing, 100035, China

    a. Third parties from which documents are sought:

    [REDACTED]

PUBLIC VERSION

ii. ███████████████████████████████████

iii. ███████████████████████████████████

iv. ███████████████████████████████████

v. ███████████████████████████████████

2. Appropriate Judicial Authority of India: The Ministry of Law and Justice Department of Legal Affairs located at Room No. 439-A, 4th Floor A-Wing, Shastri Bhavan, New Delhi, 110 001, India

   a. Third parties from which documents are sought:

      i. ███████████████████████████████████

3. Appropriate Judicial Authority of the Republic of Korea: National Court Administration located at Director of International Affairs, Seocho-daero 219 Seocho-gu Seoul, 06590, Republic of Korea

   a. Third parties from which documents are sought:

      i. ███████████████████████████████████

PUBLIC VERSION

ii. 

iii.

iv. 

4. Appropriate Judicial Authority of Singapore: The Supreme Court of Singapore located at 1 Supreme Court Lane, Singapore 178879

   a. Third parties from which documents are sought:

      i. 

5. Appropriate Judicial Authority of Vietnam: The Ministry of Justice International Law Department located at 58-60 Tran Phu Street, Ba Dinh District, Ha Noi, Viet Nam

   a. Third parties from which documents are sought:

      i.

Each of the above third parties are suppliers (together the "Suppliers") of lithium-ion batteries used by Defendants Samsung Electronics Co. and Samsung Electronics America, Inc. ("Samsung") in the accused products at issue in this litigation and the production of documents from the Suppliers is relevant and necessary, as described more fully below. On January 19, 2024, Samsung's counsel, Andrew R. Sommer, confirmed by email that Samsung does not oppose this motion.

3

PUBLIC VERSION

## ARGUMENT

Under the Hague Evidence Convention, a signatory may request that the competent authority of another signatory obtain evidence for use in judicial proceedings. Hague Evidence Convention, Art. 1, Mar. 18, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444; *see* 28 U.S.C. § 1781(b)(2). The United States and the requested foreign jurisdictions are signatories to the Hague Evidence Convention. *See* Hague Conference on Private International Law, Conventions: Signatures, Ratifications, Approvals and Accessions, Status on 12 January 2024.[1]

A letter of request or letter rogatory is a "request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 248 n.1 (2004) (citation omitted). "'Letters of request' are synonymous with 'letters rogatory.'" *Pearlstein v. BlackBerry Ltd.,* 332 F.R.D. 117, 119 n.1 (S.D.N.Y. 2019), *on reconsideration in part*, No. 13CV07060CMKHP, 2019 WL 5287931 (S.D.N.Y. Sept. 20, 2019). "Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers in order to seek 'assistance in the production of evidence located in the foreign country.'" *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-cv-00424, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (citing *United States v. El-Mezain*, 664 F.3d 467, 516–17 (5th Cir. 2011), *as revised* (Dec. 27, 2011)); *see also Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993) (noting federal courts "have inherent power. . . to issue letters rogatory to foreign courts"). Letters rogatory or letters of request may be issued to facilitate the production of documents from a foreign person or entity. *See Blitzsafe Texas,* 2019 WL 13077697 (issuing letters rogatory to obtain documents from entities located in the United Kingdom); *Rockstar Consortium US LP v. Google Inc*., No.

---

[1] Available at https://assets.hcch.net/docs/ccf77ba4-af95-4e9c-84a3-e94dc8a3c4ec.pdf (last accessed January 19, 2024).

PUBLIC VERSION

2:13-cv-00893-JRG-RSP, Dkt No. 125 (E.D. Tex. Aug. 14, 2014) (granting motion for issuance of letter rogatory for various Canadian entities); *Ningde Amperex Tech. Ltd. v. Zhuhai Cosmx Battery Co.,* No. 2:22-cv-00232-JRG, Dkt. No. 175 (E.D. Tex. Sep. 27, 2023) (granting motion for issuance of letter rogatory to obtain documents from a Korean entity).

Courts consider various comity factors to decide whether to issue a letter rogatory:

> (1) the importance to the litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Societe Nationale Industrielle Aerospatiale v. United States District Court,* 482 U.S. 522, n.28 (1987) (internal quotation marks omitted).

"Several 'circuits have held that there must be 'good reason' to deny the request for the issuance of letters rogatory . . . .'" *Id.* (quoting *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 795 F.3d 1255, 1273–74 (11th Cir. 2015)). "Nonetheless, when a request to issue letters rogatory is overly broad or unlikely to lead to the discovery of relevant evidence, district courts retain discretion to refuse to issue them." *Yellow Pages Photos, Inc.*, 795 F.3d at 1273. "[T]he burden lies with the party *resisting* the request for discovery to show a lack of relevance or undue burden." *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-cv-2329-L, 2015 WL 5502625, at *4 (N.D. Tex. Sep. 18, 2015) (emphasis added).

RJ Technology satisfies the standard for the issuance of Letters of Request.

*Relevance and importance.* The documents sought are relevant to RJ Technology's allegations of Samsung's infringement in this case and the damages RJ Technology is entitled to. RJ Technology alleges that Samsung has infringed RJ Technology's U.S. Patent No. 7,749,641

5

PUBLIC VERSION

(the "'641 Patent"), relating to lithium-ion batteries, by, among other things, manufacturing and selling certain consumer electronic devices that contain those infringing lithium-ion batteries. All asserted claims of the '641 Patent require the claimed lithium-ion battery to have a ratio within a particular range, which in turn depends on the loading of the positive electrode active material and the negative electrode active material in the battery. The documents RJ Technology requests from the Suppliers directly target such information. In addition, the cost of components in the lithium-ion batteries is also relevant to the damages RJ Technology has suffered due to Samsung's past and ongoing infringement. RJ Technology has requested both categories of information from Defendants, who have taken the position that such information is not within their possession, custody, or control. While RJ Technology disputes Samsung's position and continues negotiating with Samsung in good faith to obtain such relevant information, RJ Technology is filing this motion as another route to obtain highly relevant discovery for this case.

*Specificity*. RJ Technology's requests are not overbroad and open-ended and do not seek all documents relating to the Suppliers infringing batteries. To the contrary, they principally seek documents sufficient to identify certain technical features of the batteries, and also a limited amount of cost information relevant to establishing damages in this case.

*Origin of the documents and availability of alternative means*. RJ Technology has no information about whether the information requested originated in the United States. RJ Technology has sought similar information from Defendants in this case, but, to date, its efforts have not been successful.

*Competing interests of the United States and the foreign jurisdictions*. RJ Technology is not aware of any relevant competing interest between the United States and Republic of Korea, People's Republic of China, Republic of India, Republic of Singapore, and Socialist Republic of

PUBLIC VERSION

Vietnam (the "Foreign Jurisdictions").  To the extent the document requests might arguably be outside the scope of ordinary discovery allowed in the Foreign Jurisdictions, the courts of the Foreign Jurisdictions are best positioned to address that issue, and the possibility that the requested discovery exceeds foreign discovery rules is not a basis to deny an application for a letter rogatory. *See Triumph Aerostructures, LLC*, 2015 WL 5502625, at *15 ("[W]hether the discovery sought through a letter of request will be executed in light of possible limitations in foreign law is a matter appropriate for the foreign tribunal, rather than this Court, to determine.").

Accordingly, RJ Technology respectfully requests that the Court grant this motion and endorse two copies of each of the attached Letters of Request, and direct the Clerk to place the Court's seal upon them and return them to RJ Technology for execution.

Dated: January 19, 2024                               Respectfully submitted,

                                                         */s/ Daniel A. Zaheer*
                                                     Daniel A. Zaheer
                                                     California State Bar No. 237118
                                                     Michael Ng
                                                     California State Bar No. 237915
                                                     daniel.zaheer@kobrekim.com
                                                     michael.ng@kobrekim.com
                                                     **KOBRE & KIM LLP**
                                                     150 California Street, 19th Floor
                                                     San Francisco, CA 94111
                                                     Telephone: 415-582-4800
                                                     Facsimile: 415-582-4811

                                                     George Stamatopoulos
                                                     New York State Bar No. 5163340
                                                     Martine B. Forneret
                                                     New York Bar No. 5382577
                                                     george.stamatopoulos@kobrekim.com
                                                     martine.forneret@kobrekim.com
                                                     **KOBRE & KIM LLP**
                                                     800 Third Avenue
                                                     New York, New York 10022
                                                     Telephone: 212-488-1200

PUBLIC VERSION

Facsimile: 212-488-1220

Zach Ruby
District of Columbia Bar No. 1030640
zach.ruby@kobrekim.com
**KOBRE & KIM LLP**
1919 M Street, NW
Washington, DC 20036
Telephone: 202-664-1900
Facsimile: 202-664-1920

Hangcheng (Robert) Zhou
California State Bar No. 320038
robert.zhou@kobrekim.com
**KOBRE & KIM LLP**
43RD Floor, 4302-4304 HKRI Centre One,
HKRI Taikoo Hui
288 Shimen Yi Road
Shanghai, PRC, 200041
Telephone: +86 21-3210-2100

Zachary Ritz
Florida Bar No. 107055
zachary.ritz@kobrekim.com
**KOBRE & KIM LLP**
201 S Biscayne Blvd., Suite 1900
Miami, Florida 33131
Telephone: 305-967-6105
Facsimile: 305-967-6120

*Of Counsel:*

Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Charles Everingham IV
Texas State Bar No. 00787447
Email: ce@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-757-2323

PUBLIC VERSION

*Attorneys for Plaintiff*
RJ TECHNOLOGY LLC

PUBLIC VERSION

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this January 19, 2024, with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a)(3).

                                         */s/ Daniel A. Zaheer*
                                         Daniel A. Zaheer

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document and exhibits thereto are being filed under seal pursuant to the Court's authorization under the Protective Order entered in this matter.

                                         */s/ Daniel A. Zaheer*
                                         Daniel A. Zaheer

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties have met and conferred and that this motion is unopposed.

                                         */s/ Daniel A. Zaheer*
                                         Daniel A. Zaheer